IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40214
Summary Calendar
_____


LEONARD E. TURNER, ET AL.

                                        Plaintiffs,

RODNEY L. TURNER,

                                        Plaintiff-Appellant,

versus

OLGA R. PERRY, Mailroom Clerk,

                                        Defendant-Appellee,

and

RHONDA R. PAUL, Mailroom Clerk,
KATHIE A. SIDES, Mailroom Clerk,
JIMMIE E. ALFORD, Senior Warden,
ALTON D. CASKEY, Warden, TOMMY D.
CROW, Warden,

                                        Defendants.



- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:93-CV-16
- - - - - - - - - -
July 18, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Leonard E. Turner (# 617486) and Rodney L. Turner (# 454191)

appeal the district court's grant of summary judgment in favor of

Olga Perry.  Rodney and Leonard contend that Leonard was denied

---

        Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

access to the courts by a prison regulation which prohibits inmates from handling each other's outgoing mail. Rodney challenges the imposition of sanctions in the amount of $50.

Rodney lacks standing to argue that Leonard was denied access to the courts inasmuch as Rodney does not assert that he sustained personal injury from the TDCJ regulation at issue. See County of Riverside v. McLaughlin, 500 U.S. 44, 51-52 (1991). As to Leonard's claim that he was denied access to the courts, we have reviewed the record and Leonard's brief and AFFIRM the summary judgment for essentially the same reasons set forth by the magistrate judge. Turner, et al. v. Perry, et al., No. 6:93-CV-16 (E.D. Tex. Mar. 8, 1995). The regulation prohibiting inmates from handling each other's mail was not unconstitutional under a plain error analysis. Highlands Ins. Co. v. National Union Tire Ins. Co., 27 F.3d 1027, 1031-31 (5th Cir. 1994); Mumin v. Phelps, 857 F.2d 1055, 1056 (5th Cir. 1988).

Leonard and Rodney argue that Leonard should have been permitted to cross-examine witnesses. The record does not show that Leonard asked to cross-examine a witness but was denied the opportunity. They also argue that Perry's motion to dismiss became moot when, at the hearing, she stipulated that "back billing" was not at issue. "Back billing" was not a ground for Perry's motion to dismiss, and this argument lacks merit.

Rodney and Leonard argue that their due process rights were denied because they were not given notice that they would have to "defend against the allegation of a rule . . . which states that the appellant's (sic) must have requested permission in order to

seek assistance or give assistance."  They ignore, however, the fact that Perry referred to this rule in her motion to dismiss.

Rodney and Leonard argue that the court erred when it denied them the right to call witnesses.  They also argue that the court erred when it allowed Wendy Wacker to testify because she lacked personal knowledge of their allegations and because her name was not on Perry's witness list.  The district court's determination that the testimony of the denied witnesses was irrelevant and that Wacker's testimony was admissible was not an abuse of discretion.  Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 277 (5th Cir. 1991).

The district court's imposition of sanctions was not an abuse of discretion and is AFFIRMED for essentially the same reasons set forth by the magistrate judge.  Rodney's motion to supplement the record is DENIED.